■ DOROTHY HULSE et al., Appellants, v SUMMERLIN, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents. RANDY MUNOZ et al., Third-Party Defendants-Respondents. [792 NYS2d 577]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated July 13, 2004, which denied their motion for partial summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1),

and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, that branch of the cross motion which was for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the plaintiffs are awarded partial summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

The third-party defendants employed Kevin Dayton as the roofing foreman for a roof installation project on a single-family home under construction in a development owned by the defendant Summerlin, LLC. Dayton was rendered a paraplegic after the scaffold upon which he was standing collapsed while he was in the process of installing the subject roof. The defendants O'Donnell Builders of Dutchess, Inc., and O'Donnell Development Corp. were the general contractor for the construction project. The plaintiffs commenced this action, alleging, inter alia, that the defendants violated Labor Law § 240 (1) by failing to furnish or erect necessary equipment and safety devices for the performance of Dayton's work.

Labor Law § 240 (1) requires property owners and contractors to furnish or cause to be furnished safety devices, such as scaffolds, which are "so constructed, placed and operated as to give proper protection to a person so employed." In order to impose liability under Labor Law § 240 (1), a plaintiff must demonstrate that the statute was violated, and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]).

The plaintiffs established their prima facie entitlement to judgment as a matter of law. The defendants failed to raise a triable issue of fact sufficient to defeat the motion for partial summary judgment. Therefore, the Supreme Court erred in denying the plaintiffs' motion for partial summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and in granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. Accordingly, the complaint is reinstated, and the plaintiffs are awarded summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.